UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WELLS FARGO BANK NA,<br><br>        Plaintiff,<br><br>  v.<br><br>ARMANDO CADENA, EXPEDITORS INTERNATIONAL OF WASHINGTON INC,<br><br>        Defendants. | **CASE NO. 2:20-cv-00317-RAJ-BAT**<br><br>**REPORT AND RECOMMENDATION MOTION TO STAY (DKT. 14)** |
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., a Washington corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>ARMANDO CADENA SANTILLANA, an individual,<br><br>        Defendant. | **CASE NO. 2:20-cv-00349-RAJ-BAT**<br><br>**REPORT AND RECOMMENDATION MOTION TO STAY (DKT. 10)** |

On May 19, 2020, the Honorable Thomas S. Zilly transferred *Expeditors International v. Cadena Santillana*, W.D.Wash. No. 2:20-cv-00349-TSZ ("Expeditors Action") to the Honorable Richard A. Jones as related to *Wells Fargo Bank, N.A. v. Armando Cadena and Expeditors International of Washington, Inc.*, W.D.Wash. No. 2:20-cv-00317-RAJ-BAT ("Interpleader

REPORT AND RECOMMENDATION
ORDER - 1

Action"). Dkt 12 (Expeditors Action). The Interpleader and Expeditors Actions have been referred to Magistrate Judge Brian A. Tsuchida for all pretrial proceedings, pursuant to Local Rule MJR 6 and General Order 02-19. *See* Dkt. 11 (Interpleader Action); May 20, 2020 Docket Entry (Expeditors Action). Motions to stay are pending in both Interpleader Action (Dkt. 14) and Expeditors Action (Dkt. 10).

For the reasons discussed herein, the undersigned recommends that Expeditors' motion to stay the Interpleader Action (Dkt. 14) be **granted** and Cadena's motion to stay the Expeditors Action (Dkt. 10) be **denied**.

## PROCEDURAL BACKGROUND

On February 27, 2020, Wells Fargo Bank NA initiated the Interpleader Action regarding funds on deposit in Defendant Armando Cardena's account at Wells Fargo.

On March 3, 2020, Expeditors International of Washington, Inc. ("Expeditors") initiated the Expeditors Action, an action for declaratory judgment, conversion, and constructive trust against Mr. Cadena.

Underlying both actions are claims that Defendant Cadena, a prior employee of Expeditor Mexico (Expeditor's subsidiary), engaged in material financial misconduct including fraudulently invoicing higher amounts for services rendered to Expeditor Mexico, and by issuing fraudulent invoices to Expeditor Mexico from Agentes Aduanales Al Servicio Del Comercio exterior, S.A.DE C.V., a company that maintains a legal relationship with Expeditors Mexico and of which Defendant Cadena is a shareholder. Expeditors claims that the total amount of monies fraudulently invoiced to Expeditors Mexico is in excess of $2.85 million. *See* Dkt. 1 (Complaint in Expeditors Action). The Interpleader Action was initiated by Wells Fargo after

1   Expeditors alerted Wells Fargo to a wire transfer from Defendant Cadena's account in a Mexican
2   bank to a Wells Fargo account, with a balance in excess of $1 million. *Id*.
3       On April 15, 2020, the Court entered a Stipulation and Order for Interpleader of Funds
4   and Dismissal (the "Interpleader Order") in the Interpleader Action. *See* Dkt. 13. In relevant part,
5   the Interpleader Order (a) authorized Wells Fargo, N.A. to deposit certain funds in the Registry
6   of the Court, and (b) dismissed Wells Fargo with prejudice. Pursuant to the Interpleader Order,
7   Wells Fargo deposited the sum of $1,109,437.23 (the "Interpleaded Funds") into the Court
8   Registry on April 30, 2020.
9       On April 30, 2020, Defendant Expeditors filed a motion to stay the Interpleader Action
10  pending resolution of the Expeditors Action. Dkt. 14 in Interpleader Action. On May 7, 2020,
11  Defendant Cadena filed a motion to stay the Expeditors Action pending resolution of the
12  Interpleader Action. Dkt. 10 in Expeditors Action.

## DISCUSSION

14  In considering whether a stay is appropriate, a District Court should weigh the
15  competing interests that will be affected by the requested stay, including: (1) the possible
16  damage which may result from granting the stay; (2) the hardship or inequity which a party
17  may suffer if the suit is allowed to go forward; and (3) the "orderly course of justice," measured
18  in terms of the simplifying or complicating of issues, proof, and questions of law which could
19  be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962).
20      Here, the relevant factors favor a stay of the Interpleader Action. There are two separate
21  but related cases involving the same parties and addressing the same controversy, which cases
22  are now pending before the same Magistrate Judge and District Court Judge. The Interpleader
23  Action exists because Wells Fargo sought to protect its interests vis-à-vis the dispute between

Cadena and Expeditors as to the funds in Cadena's Wells Fargo account. Now that Wells Fargo has deposited the disputed funds with the Court and has been dismissed as a party, the sole issue remaining in the Interpleader Action is Expeditors' and Cadena's respective "claims and rights" to the Interpleaded Funds.

The Expeditors Action on the other hand, is much broader and does not, contrary to Defendant Cadena's claims, "hinge on the central issue to be determined in the Interpleader Action." Defendant Cadena's claim to the Interpleaded Funds rests on his proving that the monies he transferred into the Wells Fargo account were not embezzled from Expeditors. If Cadena makes such a showing, it will resolve the issue of Cadena's claim to ownership of the Interpleaded Funds vis-à-vis Expeditors. However, it will not resolve the claims in the Expeditors Action, including whether Cadena is liable for conversion for his alleged embezzlement of funds (which are claimed to exceed the Interpleaded Funds) during his prior employment.

Defendant Cadena contends that the first-to-file rule compels a stay of the later filed Expeditors Action. However, the first-to-file rule is discretionary *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). Moreover, the parties agree that the Ninth Circuit has not addressed the applicability of the rule where two actions are pending in the same district. Now that the two actions are pending in the same court, the first-to-file rule has even less applicability.

Cadena's right to the Interpleaded Funds may be vindicated as fairly and as promptly in the Expeditor's Action as in the Interpleader Action. As both actions are subject to the same law, rules, and scheduling, and will be adjudicated by the same District Court Judge, no party suffers any prejudice. Moving forward with the Expeditor's Action (which will address ownership of the

Interpleaded Funds and other claims), rather than the more limited Interpleader Action (which, by its very nature is limited to the issue of the Interpleaded Funds[1]), will enable a more comprehensive approach to discovery and resolution of the parties' entire dispute, ultimately saving the time and resources of the parties and the Court, and benefitting the orderly course of justice.[2]

Based on the foregoing, the undersigned recommends that the motion to stay the Interpleader Action (Dkt. 14) be **granted** and the motion to stay the Expeditors Action (Dkt. 10) be **denied**.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **June 15, 2020.**  The Clerk should note the matter for **June 17, 2020**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and

---

[1] The sole issue of the Interpleader Action is the rightful ownership of the property at stake, *i.e.*, the Interpleader Funds. *See*, *e.g.*, *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 534, 87 S. Ct. 1199, 1205, 18 L. Ed. 2d 270 (1967) ("[T]he fund itself is the target of the claimants. It marks the outer limits of the controversy."); *Buckeye State Mut. Ins. Co. v. Moens*, 944 F. Supp. 2d 678 (N.D. Iowa 2013) (power of interpleader court is limited to remedy solely for protection of the stakeholder).

[2] As noted by Expeditors, the cases are on parallel tracts for scheduling purposes. For example, the joint status reports were due on May 13, 2020 in one case and May 12, 2020 in the other.

responses shall not exceed five (5) pages.  The failure to timely object may affect the right to appeal.

DATED this 28th day of May, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
ORDER - 6